IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-546-GMS |
| | ) |
| UNITED STATES OF AMERICA | ) |
| and THE FEDERAL DISTRICT | ) |
| COURT OF THE THIRD | ) |
| CIRCUIT, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Joseph L. D'Alessandro ("D'Alessandro") brings this action alleging that the United States and the Federal District Court of the Third Circuit violated his constitutional rights. He appears *pro se* and moves the court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1). The motion for leave to proceed *in forma pauperis* is GRANTED.

The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed without prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

D'Alessandro is a frequent litigant in this district. He has filed numerous lawsuits all relating to underlying actions brought against LL Bean in 2001 and 2002. *D'Alessandro v. LL Bean, Inc.*, Civ. No. 01-623-CMR (D.Del.); *D'Alessandro v. LL Bean, Inc.*, Civ. No. 02-077-JCJ (D.Del.). In this most current case D'Alessandro brings suit against the United States and the Federal District Court of the Third Circuit. Notably, when dismissing four previous cases filed

by D'Alessandro, this court stated that, "D'Alessandro has filed the. . . cases, apparently seeking to impose liability upon any judge who was involved in his previous lawsuits." *See* U.S. Dist. Ct., D. Del, Civ. Nos. 03-997-JPF; 03-998-JPF, 03-1040-JPF, 03-1076-JPG, June 20, 2004 Order. D'Alessandro proceeds undeterred in his quest despite repeated dismissals.

D'Alessandro complains that he has been defamed and slandered when: 1) "Judge Wells" stated that he needed to be closely observed; and, 2) law enforcement officials checked the identification of his wife, Olga D'Alessandro, prior to her entry into the federal courthouse.

D'Alessandro alleges that all the defendants must apply Delaware state law, and that when a judge does not comply with the constitution, his or her orders are void. He also alleges that subject matter jurisdiction is lost when a judge does not follow the law and the judge's orders are void. Finally, D'Alessandro alleges that none of the defendants are entitled to sovereign immunity.

D'Alessandro seeks treble and punitive damages.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing

*Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as D'Alessandro proceeds *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. ANALYSIS

Initially, the court notes that there is no such entity as "the Federal District Court of the Third Circuit". There exists the U.S. Court of Appeal for the Third Circuit and U.S. District Courts for a particular state or an area of a state (i.e., U.S. District Court for the District of Delaware; U.S. District Court for the Northern District of Illinois). Additionally, even a liberal reading of the complaint reveals that it contains absolutely no factual averments upon which to base a claim for relief. Given this fact, it matters not that D'Alessandro names as a defendant a non-existing entity.

Moreover even if "the Federal District Court of the Third Circuit" existed and the complaint was not frivolous, the named entity and the United States are immune from suit on the basis of sovereign immunity. It is well established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity. *United States v. Mitchell* (I), 445 U.S. 535, 538 (1980). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *Id.* (citing *United States v. King*, 395 U.S. 1, 4 (1969)). Moreover, "[i]t is axiomatic that the United States may not be sued without its consent and that

the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell* (II), 463 U.S. 206, 212 (1983).

There is no indication that the United States has consented to this lawsuit. Accordingly, under the doctrine of sovereign immunity, D'Alessandro is barred from suing the United States and "the Federal District Court of the Third Circuit".

## IV.   CONCLUSION

For the above stated reasons the court finds that the complaint is factually and legally frivolous. An appropriate order will be entered.

/s/
UNITED STATES DISTRICT JUDGE

February 24, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-546-GMS |
| | ) |
| UNITED STATES OF AMERICA | ) |
| and THE FEDERAL JUDICIARY | ) |
| OF THE THIRD CIRCUIT, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 24th day of February, 2006, for the reasons set forth in the Memorandum issued this date;

1. The motion for leave to proceed *in forma pauperis* (D.I. 1) is GRANTED.

2. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous.

/s/ 
UNITED STATES DISTRICT JUDGE